## PENNSYLVANIA R. CO. v. ORTLEY.

(Circuit Court of Appeals, Third Circuit. April 4, 1913.)

### No. 1,705.

RAILROADS (§ 350*)—INJURY TO PERSONS AT CROSSING—ACTION—EVIDENCE.

Evidence in an action to recover for the death of a person killed at a railroad crossing *held* insufficient to warrant the submission to the jury of the question of the negligence of the company in failing to give special protection to the crossing.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1152–1192; Dec. Dig. § 350.*]

In Error to the District Court of the United States for the District of New Jersey; Joseph Cross, Judge.

Action at law by Theodore Ortley, administrator, against the Pennsylvania Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed.

John S. Applegate, of Red Bank, N. J., for plaintiff in error.

Clarence H. Murphy, of Point Pleasant, N. J. (John H. Backes, of Trenton, N. J., of counsel), for defendant in error.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

PER CURIAM. We have had some difficulty in coming to the decision that a new trial of this case must be had; but we have finally concluded that the evidence was too slight to justify the submission of the question whether the railroad company was negligent in not giving special protection to the crossing where the girl was killed. It is possible that the jury may have found the company without fault in this respect, and may have based the verdict on the other ground, namely, negligence in failing to give the statutory signals. But both subjects were submitted in the charge, and as the verdict in favor of the plaintiff is general we cannot know upon what ground the liability of the company rests. It would probably be desirable to take a special verdict on this point at the next trial.

We have given no consideration to the New Jersey Grade Crossing Act of 1910. Act April 12, 1910 (P. L. p. 490). It does not seem to have been a factor below, and the appellee's brief in this court explicitly disclaims reliance upon it.

The judgment is reversed, with costs, and a new venire is awarded.